UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:22-cv-61628-AHS

TORI VAN LEHN, on behalf of herself
and all others similarly situated,

    Plaintiff(s),
v.

UNCLE AL'S SPORTS CAFÉ SUNRISE, INC.
d/b/a LUV'N OVEN ALE HOUSE, and
DEBORAH ALVAREZ, individually,

    Defendants.
_____/

**JOINT MOTION FOR COURT APPROVAL OF COLLECTIVE SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE**

Representative Plaintiff, TORI VAN LEHN ("Representative Plaintiff" or "Plaintiff"), and the Opt-In Plaintiffs (hereinafter "the Settlement Collective"), and Defendants, UNCLE AL'S SPORTS CAFÉ SUNRISE, INC. d/b/a LUV'N OVEN ALE HOUSE, and DEBORAH ALVAREZ (collectively "Defendants") (Plaintiff, the Settlement Collective, and Defendants collectively "the Parties") by and through undersigned counsel, hereby file this Joint Motion for Court Approval of Collective Settlement Agreement and Request for Order of Dismissal with Prejudice, as follows:

**I.    FACTUAL BACKGROUND**

Defendants own and operate restaurant *See* D.E. 1. Representative Plaintiff, Van Lehn, is a former Server and Bartender who was employed by Defendants from February 2020 through July 30, 2022. *See* D.E. 1. On August 31, 2022, Van Lehn filed her Collective Action Complaint for Damages and Demand for Jury Trial against Defendants. *See* D.E. 1. On or about October 13, 2022, the Plaintiff filed her Amended Collective Active Complaint for Damages and Demand for

1

Jury Trial. *See* D.E. 15. On or about April 20, 2023, the Plaintiff filed her Second Amended Collective Complaint for Damages and Demand for Jury Trial (the "Lawsuit"). *See* D.E. 46.

The Lawsuit alleges that Defendants violated the federal overtime provisions of the Fair Labor Standards Act ("FLSA") because Defendants (a) failed to provide Servers and Bartenders notice of a tip credit to Plaintiffs; (b) Servers and Bartenders spent more than twenty percent (20%) of their shift on non-tipped worked; (c) Servers and Bartenders worked for more than thirty (30) continuous minutes on non-tipped work; (d) Servers and Bartenders were not paid proper overtime wages for time worked in excess of forty (40) hours per week; (e) Servers and Bartenders were not paid the federal minimum wage for their training periods from January 1, 2020 through March 6, 2021; and (f) Servers and Bartenders were not paid the federal minimum wage from January 1, 2020 through March 6, 2021.

On November 15, 2022, the Court conditionally certified a collective of All restaurant Servers and Bartenders who worked for Defendants in Sunrise, Florida, during the three (3) years preceding this lawsuit who were required to spend more than 20% of any workweek performing "non-tipped" duties and side work and did not receive the full applicable minimum wage; (2) All restaurant Servers and Bartenders who worked for Defendants in Sunrise, Florida, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift after December 28, 2021; and (3) All restaurant Servers and Bartenders who worked for Defendants in Sunrise, Florida, during the three (3) years preceding this lawsuit who worked more than 40 hours in any workweek. *See* D.E. 28.

During the opt-in period, a total of 7 individuals (including Van Lehn) filed consents to sue under the FLSA and joined this case. *See* D.E. 16-1; D.E. 17-1; D.E. 18-1; D.E. 20-1; D.E. 22-1; D.E. 30-1; D.E. 34-1; D.E. 34-1. Once the 60-day opt-in period closed the Parties engaged in

significant written discovery. On March 31, 2023, the Parties attended mediation with nationally respected wage and hour mediator Carlos Burruezo. While the matter did not resolve at mediation on March 31, 2023, the Parties were able to better evaluate their claims and defenses.

As several depositions of key witnesses quickly approached, the Parties agreed to further analyze their claims and ultimately negotiated a full and final resolution of this dispute. Given the bona fide factual and legal disputes that exist the Parties have now commemorated their resolution into a settlement agreement ("the Agreement") through counsel and have reached an accord on all material terms. The Agreement affords collective-wide relief and was negotiated over a period of several weeks with Counsel for the Collectives keeping their clients timely informed of the negotiations. The negotiations were focused both on the representations of the Settlement Collective (comprised of 7 individuals) and the data from employment records. Under the Agreement, Plaintiffs will receive a substantial portion of the contested wages and liquidated damages currently claimed to be owed. Each member of the Collectives has approved the portion of the Settlement they will receive. A copy of the fully executed settlement agreement is being contemporaneously provided to the Court. The settlement reached in this case provides Plaintiffs with fair and reasonable compensation for their FLSA claims. Moreover, the settlement reached in this case **does not** include overly broad releases or confidentiality provisions which may contravene the FLSA. Indeed, the Plaintiffs are only waiving FLSA wage-related claims. *See* **Exhibit A**. Counsel for the Collective is also being compensated reasonable attorney's fees separate and apart from amounts paid the Collective. *See* **Exhibit B**. Given the contentious nature of this dispute, a significant amount of time was incurred by Plaintiff's counsel in litigating this case. A full accounting of the reasonable hourly rates and hours billed has been provided to the Court for review. Notably, Plaintiff's counsel is receiving a reduced amount of attorney's fees and

costs than what was actually incurred in the successful litigation of these claims. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice.

## II.     SUMMARY OF THE SETTLEMENT TERMS

The Parties have submitted the fully executed Fair Labor Standards Act Settlement Agreement and Release. Plaintiff's counsel has also submitted declarations outlining their experience along with the full lodestars for all time-keepers in this case for review. Plaintiffs are current and former Servers and Bartenders who worked for Defendants between August 31, 2019, and August 31, 2022. In exchange for a full and final release of only wage-related claims (conditioned on Court approval of the Agreement), Defendants have agreed to pay a total settlement amount of Sixty-Five Thousand Dollars ($65,000.00). *See* **Ex. A; Ex. B.**

The amount each member of the Collective will receive is indicated in a spreadsheet on Exhibit A attached to the Fair Labor Standards Act Settlement Agreement and Release. Each and every member of the Collective has agreed to accept their respective settlement amounts in exchange for releasing only wage-related claims against Defendants. *See* Composite of Notices of Acceptance from the Collectives attached to **Ex. A**.

The Parties separately negotiated fair and reasonable attorney's fees based on the amount of time expended and the complexity of the litigation. *See* **Ex. A**. While sizeable, the fees and costs do not impact the claims and were negotiated without regard to the amounts paid to Plaintiffs. In addition, Plaintiff's counsel voluntarily reduced their attorneys' fees to assist with reaching a fair and amicable resolution. The Parties agree that the attorney's fees and costs are a fair and reasonable amount and were necessary for the prosecution of this action particularly in light of the extensive litigation that occurred on these highly fact-specific claims. Plaintiff's lead counsel,

4

Jordan Richards, Esq. billed a reasonable hourly rate of $395.00 per hour. *See* **Ex. B**. Associate attorney Jake Blumstein billed a reasonable hourly rate of $275.00 per hour. *Id.* Associate attorney Michael Miller billed a reasonable hourly rate of $395.00 per hour. *Id.* Law Clerks working on this case billed a reasonable hourly rate of $150.00 per hour. *Id.* Defendants do not oppose Counsel for the Collective's recovery of fees or expenses and do not object to the reasonableness of Plaintiff's fees and costs or that they were necessary for the successful prosecution of this action.

### III.    MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which FLSA claims can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. Lynn's Food Stores, Inc., 679 F.2d at 1353-55; *see also* Pharr v. Highway Specialties, Inc., 2019 WL 131162853, at *1 (N.D. Fla. May 13, 2019); *see also* Perez v. PJ'S Land Clearing & Excavating, Inc., 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution

of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage, exemption or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

When scrutinizing the fairness of a settlement for a collective under the FLSA, final certification or decertification is not necessary in order to approve the settlement. *See, e.g.,* Huff v. Bobcat North America, LLC, 2021 WL 268356 at *2 (M.D. Fla. 2021) *citing* Ortiz v. Metters Indus., Inc., M.D. Fla. Case No. 6:17-cv-1879-PGB-DCI; *see, also,* Campbell v. Pincher's Beach Bar Grill, Inc., 2017 WL 2700629 at *1-2 (M.D. Fla. 2017) (final certification of FLSA collective not necessary when approving settlement).

Here, the Parties respectfully submit that the resolution of federal overtime wage claims is fair and reasonable. Without admitting any liability as to the alleged wage violations, Defendants have agreed to pay members of the Collectives an amount disclosed in the Fair Labor Standards Act Settlement Agreement and Release. *See* **Ex. A.** Pursuant to the Settlement Agreement, each Plaintiff is receiving approximately thirty percent (30%) of wages for each week of their employment within the three (3) year statute of limitations. Nevertheless, in order to avoid the uncertainties inherent in litigation, the Parties negotiated a settlement through counsel that is satisfactory to all Parties. *See* Davidson v. Golden Bay Towers, Inc., 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (approving FLSA settlement agreement when the Parties were represented by counsel and there were contested issues of liability). These hotly contested issues would have been heavily litigated at summary judgment and during pre-trial briefings and a crushing amount of legal fees and expenses would have been incurred by all Parties.

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. Plaintiffs are being paid a substantial portion of the wages and liquidated damages they allege they are owed. In addition, the attorney's fees and costs payable to Plaintiff's counsel do not create any conflict with the resolution of the FLSA claims or otherwise raise any issues contemplated by the Eleventh Circuit in <u>Lynn's Food Stores, Inc.</u>, 679 F.2d at 1353. Therefore, the Settlement Agreement represents a fair and reasonable resolution of this matter in light of the various contested issues.

## IV. <u>CONCLUSION</u>

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA wages, and request that this Honorable Court approve the Settlement Agreement, enter an Order dismissing all claims with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for one hundred twenty (120) days.

**Dated this 1st day of June 2023.**

Respectfully Submitted,

| | |
|---|---|
| **ADAMS AND REESE LLP** | **USA EMPLOYMENT LAWYERS** |
| 100 North Tampa Street | **JORDAN RICHARDS, PLLC** |
| Suite 4000 | 1800 SE 10th Ave. Suite 205 |
| Tampa, Florida 33602 | Fort Lauderdale, Florida 33316 |
| Ph: (813) 402-2880 | (954) 871-0050 |
| *Counsel for Defendants* | *Counsel for Plaintiff* |
| By: */s/ Benjamin S. Briggs, Esq.* | By: */s/ Michael V. Miller, Esq.* |
| BENJAMIN S. BRIGGS, ESQUIRE | JORDAN RICHARDS, ESQUIRE |
| Florida Bar No. 113814 | Florida Bar No. 108372 |
| BRIAN K. OBLOW, ESQUIRE | jordan@jordanrichardspllc.com |
| Florida Bar No.228590 | MICHAEL V. MILLER, ESQUIRE |
| Ben.briggs@arlaw.com | Florida Bar No. 0064005 |
| Brian.oblow@arlaw.com | michael@usaemploymentlawyers.com |
| Elaine.glotz@arlaw.com | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 1st day of June 2023.

                                    By: */s/ Michael V. Miller, Esquire*
                                    MICHAEL V. MILLER, ESQUIRE
                                    Florida Bar No. 0064005

## SERVICE LIST:

**BENJAMIN BRIGGS, ESQUIRE**
Florida Bar No. 113814
Ben.briggs@arlaw.com
**BRIAN OBLOW, ESQUIRE**
Florida Bar No. 228590
Brian.oblow@arlaw.com
ADAMS AND REESE LLP
100 North Tampa Street, Suite 4000
Tampa, Florida 33602
Tel: (813) 402-2880
Fax: (813) 402-2887
*Counsel for Defendants*